UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEREMIAH DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:01-CR-83-RLJ-HBG-1 |
| | ) | 3:16-CV-244-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Federal prisoner Jeremiah Davis ("Petitioner") filed for post-conviction relief pursuant to 28 U.S.C. § 2255 on October 7, 2004 [Doc. 37].[1] The Court denied that motion on October 20, 2004 [Doc. 38]. On May 17, 2016, Petitioner, through counsel, filed a second motion attacking the same criminal conviction—this time relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Doc. 42]. Review leads the Court to conclude counsel intended the filing to reach the Sixth Circuit as a successive petition [*See generally* Doc. 44].

Under the "Antiterrorism and Effective Death Penalty Act of 1996," Petitioner cannot file a second or successive § 2255 petition in the District Court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the District Court to consider the motion. 28 U.S.C. § 2255(h); *see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the appellate] court, the district court shall transfer the document.") No such order has been received by this Court. Accordingly, the Clerk

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case: E.D. Tenn. Case No. 3:01-CR-83-RLJ-HBG-1.

will be **DIRECTED** to **TRANSFER** the filing [Doc. 42] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge